PARKER, Justice
(concurring specially).
I join in the main opinion, and I concur specially for the following reasons.
First, § 22-52-14, Ala.Code 1975, has been amended by the legislature so as to authorize payment to any expert providing expert testimony to a probate court in commitment proceedings. As initially enacted, the statute limited payment to expert witnesses who were employed by the attorney appointed to represent the subject of the proceeding:
“In any commitment proceeding, the fees of any attorney appointed by the probate judge to act as advocate for the petition any attorney appointed by the probate judge for the person sought to be committed and any expert employed by the attorney appointed to represent the person sought to be committed to offer expert testimony in such amounts as found to be reasonable by the probate judge, and all other costs allowable by law shall be paid by the State General Fund upon the order of the probate judge.... ”
Act No. 1226, § 11, Ala. Acts 1975 (emphasis added).
Two years later, the statute was amended to read:
“In any commitment proceeding, the fees of any attorney appointed by the probate judge to act as advocate for the petition, any attorney or guardian ad litem appointed by the probate judge for the person sought to be committed and any expert employed to offer expert testimony, in such amounts as found to be reasonable by the probate judge, and all other costs allowable by law shall be paid by the State General Fund upon order of the probate judge.... ”
Act No. 670, § 1, Ala. Acts 1977 (emphasis added). Among other changes, the legislature deleted the phrase “by the attorney appointed to represent the person sought to be committed” that originally followed “any expert employed.” This amendment removed the restriction that limited the payment of expert witnesses to those experts employed by the appointed attorney. The statute was amended again in 1984, but the phrase “any expert employed to offer expert testimony” remained undisturbed. Act No. 84-833, § 2, Ala. Acts 1984.
The legislative history of this statute reveals the legislature’s intent to remove *1005 the original restriction that limited the payment of fees to experts hired by the appointed attorney and to authorize the payment of fees to any expert employed to offer expert testimony in commitment proceedings. In light of this legislative intent, AltaPointe Health Systems, Inc. (“AHS”), is entitled, under § 22-52-14, to reasonable fees for the services it provided the probate court.
Second, the conclusion in the main opinion that AHS is entitled to expert-witness fees is buttressed by the Alabama Rules of Evidence, which clearly provide for the compensation of expert witnesses appointed by the court. Rule 706, Ala. R. Evid., provides, in relevant part:
“(a) Appointment. The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection....
“(b) Compensation. Expert witnesses so appointed are entitled to reasonable compensation in whatever sum the court may allow. Except as otherwise provided by law, the court shall order that the compensation be paid by the parties in such a proportion as the court may direct, to be paid by the parties as the court may direct....”
(Emphasis added.) The Advisory Committee’s Notes to Rule 706(a) provide that the power of the trial court “to appoint its own expert witnesses” is an “historic power.” (Citing Alabama Great S. R.R. v. Hill, 90 Ala. 71, 8 So. 90 (1890).)
The plain and clear language of Rule 706, providing that expert witnesses appointed by the court are entitled to compensation, applies to all court proceedings in our state, including those in the probate courts. Rule 101, Ala. R. Evid., provides that “[the rules of evidence] govern proceedings in the courts of the State of Alabama to the extent and with the exceptions stated in Rule 1101.” Rule 1101(a), Ala. R. Evid., provides: “Except as otherwise provided by constitutional provision, statute, this rule, or other rules of the Supreme Court of Alabama, these rules of evidence apply in all proceedings in the courts of Alabama, including proceedings before referees and masters.” (Emphasis added.) The Advisory Committee’s Notes to Rule 1101(a) clarify that the legislative intent of that rule “is to make the Alabama Rules of Evidence applicable to the same proceedings that were governed by the general law of evidence at the time of their adoption,” including proceedings in the probate courts. (Citing § 12-13-12, Ala.Code 1975 (statutory rules of evidence, “so far as the same are appropriate,” are applicable in probate courts).) The Advisory Committee also noted that “[t]hese rules in no way change preexisting law regarding the applicability of evidence rules in the probate court.” Id. This makes it clear that the intent is that the Alabama Rules of Evidence apply in the probate courts.
The language of the Alabama Rules of Evidence unambiguously establishes not only the power of the courts to appoint expert witnesses, but also the entitlement of court-appointed expert witnesses to compensation. Because such provisions apply to probate courts, it is clear that AHS is entitled to reasonable fees for expert-witness services provided to the probate court.